IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-212-ECM-SMD |
| | ) |
| HUMANA INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff filed a Complaint (Doc. 1) purporting to allege claims for breach of contract and violations of the Affordable Care Act based upon Defendant's failure to "deliver to [Plaintiff] the means to use the insurance" and its failure to "give [Plaintiff] a full refund after [he] had made monthly payments into the plan." Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which the undersigned granted (Doc. 9).

During the Court's obligatory § 1915(e) review of Plaintiff's Complaint, the undersigned identified certain deficiencies within the Complaint and ordered Plaintiff to amend. Namely, the undersigned determined that the Complaint failed to provide enough information for the undersigned to determine how Plaintiff was harmed, what misconduct occurred, or why Defendant should be liable for any of its actions or inactions. (Doc. 9). The undersigned also advised Plaintiff that it was unclear whether this Court had jurisdiction over Plaintiff's purported claims and informed Plaintiff that he lacked standing

to assert any claims under the Affordable Care Act. *Id*. The undersigned afforded Plaintiff the opportunity to amend his Complaint to address the deficiencies set forth in the undersigned's order. *Id*.

Plaintiff filed an Amended Complaint (Doc. 14); however, upon review of the Amended Complaint, the undersigned again found that the Amended Complaint was deficient "because it [did] not contain sufficient factual matter for the undersigned to determine whether Plaintiff is plausibly entitled to relief." (Doc. 15) at 4. Further, the undersigned found that the Amended Complaint, like the original Complaint, lacked the information needed for this Court to determine whether it possesses jurisdiction over Plaintiff's claims. *Id*. Therefore, the undersigned ordered Plaintiff to file a Second Amended Complaint addressing the deficiencies set forth in the second order to amend. *Id*. As of this date, Plaintiff has yet to file a Second Amended Complaint, and the time has passed for doing so.

In the order affording Plaintiff a second opportunity to amend, the undersigned warned Plaintiff

> **that his failure to amend as required by this order will result in the undersigned's recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the court. Plaintiff is further warned that, for the purposes of § 1915 review, the undersigned will examine only the Second Amended Complaint. Therefore, Plaintiff should include any and all information pertinent to his claims within that filing, even if the information has been previously stated in a prior complaint. Finally, Plaintiff is advised that the undersigned is not inclined to allow Plaintiff a third opportunity to amend his Complaint; thus, the Court's § 1915 review will be conducted on the content of the Second Amended Complaint and the undersigned will recommend dismissal of the case if the Second Amended Complaint is insufficient.**

2

*Id*. at 6-7 (emphasis in original). Therefore, because Plaintiff was specifically warned as to the consequence of failing to file a Second Amended Complaint and because Plaintiff has failed to file a Second Amended Complaint within the timeframe set forth by the undersigned, the undersigned recommends that this case be dismissed for failure to prosecute and abide by orders of the Court.

Additionally, the undersigned recommends dismissal of Plaintiff's Amended Complaint because the Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff's Amended Complaint states, in its entirety:

> Plaintiff seeks damages for pain and suffering emotional distress caused by a lack of action on the part of the insurance provider other than accepting my monthly premiums for a period of over a year. Compensatory damages in the amount of $150[.] [P]unitive damages for the wanton behavior of the insurer for not providing me with the insurance that I paid for on a monthly basis in the amount of $100,000.
>
> The plaintiff resides homeless in Montgomery, Alabama and the defendant Humana Inc. is headquartered in Kentucky. [T]herefore[,] the parties are diverse in their jurisdictions. Violation of the Civil Rights Act of 1964 as it pertains to Race (Black) American, Gender (Male), and also age (54) discrimination. Total damages of $100,500 are sought in this matter.

(Doc. 14) at 1. Simply put, Plaintiff's fragmented allegations within the Amended Complaint are insufficient for the undersigned to determine how Plaintiff was harmed, what misconduct occurred, or why Defendant is liable for any of its actions or inactions. Indeed, the undersigned cannot discern what Plaintiff means by Defendant's "lack of action." Did Defendant fail to issue an insurance policy for Plaintiff even though Plaintiff paid premiums? Or, did Defendant issue a policy to Plaintiff but deny coverage after

Plaintiff filed a claim? What kind of policy was it—i.e. health, life, etc.? What did the contract for insurance between Plaintiff and Defendant state? What were Plaintiff's obligations under the contract? What were Defendant's? How did Defendant's actions breach the contract? These and other questions remain unanswered, causing the Amended Complaint to be deficient under Rule 8.

Further, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam); *Wernick,* 524 F.2d at 545; *see also Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits). As to Plaintiff's Amended Complaint, the undersigned advised in the order to amend:

> Plaintiff's Amended Complaint clearly states that he seeks compensatory damages in the amount of $150 and punitive damages in the amount of $100,000. (Doc. 14) at 1. Assuming *arguendo* that punitive damages are available for Plaintiff's claim, whatever that may be, the amount of punitive damages sought compared to the amount of compensatory damages claimed is clearly excessive, particularly considering that Plaintiff has provided no facts to support Plaintiff's allegation that Defendant's conduct was "wanton." As it currently stands, Plaintiff's ratio of punitive damages sought is 666:1. That ratio is unacceptable in light of *BMW of North America, Incorporated v. Gore*, 517 U.S. 559 (1996), *Hammond v. City of Gadsden*, 493 So. 2d 1374 (Ala. 1986), and *Green Oil Company v. Hornsby*, 539 So. 2d 218 (Ala. 1989). Further, even if the undersigned reduced the amount of punitive damages to $74,851 (which, combined with Plaintiff's compensatory request, would total $75,001), that ratio would be 499:1. Once again, such a large ratio is unacceptable in light of the aforementioned cases. Therefore, the undersigned cannot conclude that this Court has jurisdiction over Plaintiff's complaint based upon diversity jurisdiction.

*Id*. Without more than Plaintiff's generalized request for $100,000 in punitive damages and $150 in compensatory damages, the undersigned cannot conclude that this Court diversity jurisdiction over Plaintiff's claims.

Finally, in the Amended Complaint, Plaintiff attempts to assert for the first time a claim under the Civil Rights Act of 1964. (Doc. 14). However, Plaintiff has provided no factual basis for such a claim in the Amended Complaint. Therefore, Plaintiff fails to state a claim upon which relief may be granted for discrimination based upon race, gender, and/or age.

Therefore, because the Amended Complaint fails to satisfy the federal pleading standards and because it fails to sufficiently allege that this Court has jurisdiction over the matter in controversy, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Amended Complaint be DISMISSED with prejudice[1] for failure to prosecute and abide by orders of the Court as well as the Amended Complaint's failure to state a claim upon which relief may be granted. It is further

---

[1] Where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint, even if the plaintiff has not requested leave to amend, without giving the plaintiff at least once chance to amend the complaint. *Spear v. Nix*, 215 F. App'x 896, 902 (11th Cir. 2007) (per curiam) (unpublished). Here, however, Plaintiff has already been given a chance to amend his complaint by virtue of this Court's August 12, 2019 Order, (Doc. 9), and since he has not filed an amended complaint and has thereby shown unwillingness to prosecute his case, this action may properly be dismissed with prejudice.

ORDERED that Plaintiff shall file any objections to this Recommendation **on or before February 20, 2020**.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of February, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE